**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL SIGNAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | Honorable _____ |
| TAMMCOR INDUSTRIES, INC. and OHIO | ) | |
| CASUALTY INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

Federal Signal Corporation ("Federal Signal") brings this complaint for declaratory relief against Tammcor Industries, Inc. ("Tammcor") and Ohio Casualty Insurance Company ("Ohio Casualty"). In support thereof, Federal Signal alleges the following:

**NATURE OF THE ACTION**

1.      This is an insurance coverage action for declaratory relief concerning the parties' respective rights and obligations under insuring agreements that require Defendants to defend and indemnify Federal Signal in connection with the lawsuit, *Barrera v. DuPont Powder Coatings U.S.A., Inc.* No. RG12623035 (Cal. Sup. Ct., Alameda Co.) ("Underlying Lawsuit").

2.      The Underlying Lawsuit concerns a personal injury claim brought by a plaintiff injured while working with a product allegedly sold by Federal Signal. The product at issue in the Underlying Lawsuit was supplied by Tammcor to Federal Signal pursuant to purchase orders that contained a clause requiring Tammcor to (i) defend and indemnify Federal Signal for any claim resulting from Tammcor's products, and (ii) procure insurance backing its duty to defend and indemnify. Tammcor's insurer was Ohio Casualty.

1

3.      Tammcor and Ohio Casualty refuse to defend Federal Signal in the Underlying Lawsuit, and each has taken the position that neither is obligated to indemnify Federal Signal for any damages it may incur in connection therewith.  Federal Signal seeks a declaration that Tammcor and Ohio Casualty have a duty to defend and indemnify Federal Signal in the Underlying Lawsuit pursuant to the terms of the parties' insuring and indemnity agreements.

## THE PARTIES

4.      Federal Signal is a Delaware corporation with its principal place of business in Oak Brook, Illinois.  Federal Signal designs and manufactures a suite of products and integrated solutions for municipal, governmental, industrial and commercial customers.  Its products include safety, security and communication systems, vacuum loader vehicles, street sweepers, truck mounted aerial platforms, water-blasters, and technology-based products and solutions for the public safety market.

5.      Tammcor is a Kentucky corporation with its principal place of business in Nicholasville, Kentucky.  At all relevant times herein, Tammcor manufactured and supplied component parts to Federal Signal for, among other things, an audio speaker sold by Federal Signal.

6.      Ohio Casualty is an Ohio corporation with its principal place of business in Boston, Massachusetts.  In 2007, Ohio Casualty was acquired by and has since been a part of the Liberty Mutual Insurance Group.

## JURISDICTION AND VENUE

7.      This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 57.

8.     An actual, justiciable controversy exists between Federal Signal and the Defendants within the meaning of 28 U.S.C. § 2201 regarding the Defendants' duty to defend and indemnify Federal Signal pursuant to the parties' insurance and indemnity agreements.

9.     This Court has diversity subject matter jurisdiction pursuant to 28 USCA § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Venue is proper in this Court pursuant to the agreement between Federal Signal and Tammcor to litigate their disputes in Illinois.  (Exhibit 1.)  Venue is also proper pursuant to 28 USCA §§ 1391(b)(1), (c)(2) and (d), because Ohio Casualty is subject to personal jurisdiction in this District pursuant to 735 ILCS § 2-209.

## FEDERAL SIGNAL'S INSURING AGREEMENT WITH TAMMCOR

11.     Between 2003 and 2008, Tammcor manufactured and distributed to Federal Signal, among other things, metal housings for a certain commercial and industrial audio speaker assembled and sold by Federal Signal.  Tammcor sold the products to Federal Signal as "finished goods," already sanded, finished, painted, and/or coated.

12.     Tammcor sold the products to Federal Signal pursuant to the Terms and Conditions of Performance set forth on purchase orders Federal Signal issued and sent to Tammcor for all orders Federal Signal placed with Tammcor.  The Terms and Conditions of Performance included the following provision requiring Tammcor to defend and indemnify Federal Signal against claims asserted against Federal Signal resulting from or arising out of any defect with Tammcor's products:

> INDEMNIFICATION.  Seller shall defend, indemnify and hold harmless Buyer against all damages, claims or liabilities and expenses (including attorneys' fees) arising out of or resulting in any way from any defect in the goods or services purchased

hereunder, or from any act or omission of Seller, its agents,
employees or subcontractors. This indemnification shall be in
addition to the warranty obligations of Seller and Seller agrees to
provide Certificates of Insurance for such Indemnity upon request.

*See* Exhibit 1.

## OHIO CASUALTY'S POLICY

13.     Ohio Casualty issued to Tammcor Policy No. CBP 5565075 for the policy period

February 2, 2011 to February 2, 2012 ("Policy"). Relevant excerpts of the Policy are attached

hereto as Exhibit 2.

14.     <u>Limits of Liability.</u>  The Policy provides limits of $1 million per "occurrence" for

"Bodily Injury and Property Damage Liability," subject to a "General Aggregate Limit" and

"Products/Completed Operations Aggregate Limit" of $2 million.

15.     <u>Insuring Agreement.</u>  The Policy's "Insuring Agreement" (i) requires Ohio

Casualty to "pay those sums that the insured becomes legally obligated to pay as damages

because of 'bodily injury' or 'property damage' to which this insurance applies" and (ii) provides

that Ohio Casualty "will have the right and duty to defend the insured against any 'suit' seeking

those damages."

16.     The Insuring Agreement further states that:

        b.  This insurance applies to "bodily injury" and "property
            damage" only if:

            (1)  The "bodily injury" or "property damage" is caused by an
                 "occurrence" that takes place in the "coverage territory";

            (2)  The "bodily injury" or "property damage" occurs during
                 the policy period.

17.     <u>Bodily Injury.</u>  The Policy defines "bodily injury" as "bodily injury, sickness or

disease sustained by a person, including death resulting from any of these at any time."

18.   <u>Occurrence.</u>  "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

19.   <u>Coverage Territory.</u>  The Policy's "Coverage Territory" is defined to include:

    a.  The United States of America . . .

    b.  International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or

    c.  All other parts of the world if the injury or damage arises out of:

        (1)  Goods or products made or sold by you in the territory described in a. above;

20.   <u>Additional Insured – Vendors.</u>  Policy Endorsement No. 22-109, "Additional Insured – Vendors," states:

> A.  SECTION II – WHO IS AN INSURED is amended to include as an additional insured any person or organization (referred to below as vendor) when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business . . . .

21.   The Policy defines "your products" as "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (a) You."

## UNDERLYING LAWSUITS

22.   On March 28, 2012, Gideon and Arlyne Barrera filed suit against Federal Signal and other defendants in California Superior Court, alleging that a product manufactured and distributed by the defendants caused Mr. Barrera permanent eye injury.  A copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit 3.

23.     The Underlying Lawsuit alleges that, while serving aboard the USNS Matthew

Perry on or about April 24, 2011, Mr. Barrera suffered a severe eye injury when the "powder

coating" applied to the metal housing of an "exterior talk back speaker" "blew off" into his face

and eyes.  Mr. Barrera claims that the alleged speaker at issue was defective, in that the powder

coating applied to its housing "failed to congeal or adhere properly and, instead, degraded into

loose, dusty, free-flying particulate matter."

24.     The parts that were allegedly the cause of the injury to Mr. Barrera were

manufactured by Tammcor and supplied to Federal Signal pursuant to purchase orders described

above.  Accordingly, Tammcor and Ohio Casualty are responsible for providing a defense to

Federal Signal and indemnifying Federal Signal for any liability.

25.     Federal Signal has tendered the Underlying Lawsuit to Tammcor and Ohio

Casualty for coverage under the parties' insuring agreements.  Tammcor and Ohio Casualty have

rejected the tender, and refuse to provide Federal Signal a defense or indemnity in the

Underlying Lawsuit.

## FIRST CAUSE OF ACTION
## (DUTY TO DEFEND/TAMMCOR)

26.     Federal Signal re-alleges and incorporates by reference as if fully stated herein

Paragraphs 1 through 25, above.

27.     An actual and present controversy has arisen and now exists between Federal

Signal and Tammcor concerning their respective rights and obligations under their contractual

insuring agreement, alleged in Paragraph 12, above, with respect to the Underlying Lawsuit.

28.     The Terms and Conditions of Performance between Federal Signal and Tammcor

requires Tammcor to "defend, indemnify and hold harmless" Federal Signal against "all

damages, claims or liabilities and expenses (including attorneys' fees) arising out of or resulting

in any way from any defect in the goods or services purchased" by Federal Signal from Tammcor.

29.     Plaintiff in the Underlying Lawsuit claims to have suffered bodily injury resulting from and/or arising out of an alleged defect with a product that Federal Signal purchased from Tammcor subject to the terms and conditions of the parties' insuring agreement.

30.     Accordingly, Tammcor is contractually obligated to defend Federal Signal in the Underlying Lawsuit.

31.     Tammcor refuses to defend Federal Signal in the Underlying Lawsuit, and therefore has breached and continues to be in breach of its contractual obligation to defend Federal Signal.

32.     Federal Signal has incurred and will continue to incur substantial defense costs in the Underlying Lawsuit, and therefore has suffered damages as a direct and proximate cause of Tammcor's breach of the parties' contract.

33.     Accordingly, Federal Signal seeks a judicial declaration, pursuant to 28 U.S.C. § 2201(a), *et seq.*, that Tammcor has a duty to defend Federal Signal in the Underlying Lawsuit, and to reimburse Federal Signal all fees, costs and expenses it has incurred defending the action to date.

## SECOND CAUSE OF ACTION
### (DUTY TO INDEMNIFY/TAMMCOR)

34.     Federal Signal re-alleges and incorporates by reference as if fully stated herein Paragraphs 1 through 25, above.

35.     An actual and present controversy has arisen and now exists between Federal Signal and Tammcor concerning their respective rights and obligations under their contractual insuring agreement, alleged in Paragraph 12, above, with respect to the Underlying Lawsuit.

7

36.     The insuring agreement between Federal Signal and Tammcor requires Tammcor to "defend, indemnify and hold harmless" Federal Signal against "all damages, claims or liabilities and expenses (including attorneys' fees) arising out of or resulting in any way from any defect in the goods or services purchased" by Federal Signal from Tammcor.

37.     Plaintiff in the Underlying Lawsuit claims to have suffered bodily injury resulting from and/or arising out of an alleged defect with a product that Federal Signal purchased from Tammcor subject to the terms and conditions of the parties' insuring agreement.

38.     Accordingly, Tammcor is contractually obligated to indemnify Federal Signal against all damages, liabilities and/or expenses Federal Signal incurs in the Underlying Lawsuit.

39.     Tammcor contends that it does not have a contractual obligation to indemnify Federal Signal in the Underlying Lawsuit, and has notified Federal Signal that it will not indemnify Federal Signal against any damages, liabilities, or settlement costs incurred in connection therewith.

40.     Accordingly, Federal Signal seeks a judicial declaration, pursuant to 28 U.S.C. § 2201(a), *et seq.*, that Tammcor has a duty to indemnify Federal Signal against any and all damages, liabilities, costs or expenses incurred in the Underlying Lawsuit.

## THIRD CAUSE OF ACTION
### (DUTY TO DEFEND/OHIO CASUALTY)

41.     Federal Signal re-alleges and incorporates by reference as if fully stated herein Paragraphs 1 through 25, above.

42.     An actual and present controversy has arisen and now exists between Federal Signal and Ohio Casualty concerning the parties' respective rights and obligations under the Policy, alleged in Paragraphs 13-21, above, with respect to the Underlying Lawsuit.

8

43. The Policy requires Ohio Casualty to defend an insured against suits seeking damages "because of 'bodily injury'" arising out of and/or resulting from products manufactured or distributed by Tammcor.

44. The Underlying Lawsuit seeks damages for "bodily injury" the plaintiff therein alleges resulted from and/or arose out of an alleged defect with a product that Federal Signal purchased from Tammcor.

45. Federal Signal is an additional insured entitled to coverage under the Policy. Tammcor agreed that Federal Signal would be added as an additional insured to the Policy, and the bodily injury alleged in the Underlying Lawsuit is alleged to have arisen out of a product manufactured by Tammcor and sold to Federal Signal in the regular course of Tammcor's business.

46. Federal Signal has satisfied all conditions precedent to coverage under the Policy.

47. Ohio Casualty refuses to defend Federal Signal in the Underlying Lawsuit, and therefore has breached and continues to be in breach of its obligation under the Policy to defend Federal Signal.

48. Federal Signal has incurred and will continue to incur substantial defense costs in the Underlying Lawsuit, and therefore has suffered damages as a direct and proximate cause of Ohio Casualty's breach of the Policy.

49. Accordingly, Federal Signal seeks a judicial declaration, pursuant to 28 U.S.C. § 2201(a), *et seq.*, that Ohio Casualty has a duty to defend Federal Signal in the Underlying Lawsuit, and to reimburse Federal Signal all fees, costs and expenses it has incurred defending the action to date.

**FOURTH CAUSE OF ACTION**
**(DUTY TO INDEMNIFY/OHIO CASUALTY)**

50.     Federal Signal re-alleges and incorporates by reference as if fully stated herein Paragraphs 1 through 25, above.

51.     An actual and present controversy has arisen and now exists between Federal Signal and Ohio Casualty concerning the parties' respective rights and obligations under the Policy, alleged in Paragraphs 13-21, above, with respect to the Underlying Lawsuit.

52.     The Policy requires Ohio Casualty to "pay those sums" that an insured "becomes legally obligated to pay as damages because of 'bodily injury'" arising out of and/or resulting from products manufactured or distributed by Tammcor.

53.     The Underlying Lawsuit seeks damages for "bodily injury" the plaintiff therein alleges arose out of and/or resulted from a product that Tammcor manufactured and distributed to Federal Signal.

54.     Federal Signal is an additional insured entitled to coverage under the Policy. Tammcor agreed that Federal Signal would be added as an additional insured to the Policy, and the bodily injury alleged in the Underlying Lawsuit is alleged to have arisen out of a product manufactured by Tammcor and sold to Federal Signal in the regular course of Tammcor's business.

55.     Federal Signal has satisfied all conditions precedent to coverage under the Policy

56.     Ohio Casualty contends that it does not have a contractual obligation to indemnify Federal Signal in the Underlying Lawsuit, and has notified Federal Signal that it will not indemnify Federal Signal against any damages, liabilities, or settlement costs incurred in connection therewith.

57.     Accordingly, Federal Signal seeks a judicial declaration, pursuant to 28 U.S.C. § 2201(a), *et seq.*, that Ohio Casualty has a duty to indemnify Federal Signal against any and all damages, liabilities, costs or expenses incurred in the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Federal Signal Corporation requests that judgment be granted in its favor and that the Court:

1.     Enter judgment declaring that Defendants Tammcor Industries, Inc. and Ohio Casualty have a duty to defend Federal Signal in the Underlying Lawsuit pursuant to the parties' insuring agreements;

2.     Enter judgment declaring that Defendants have a contractual duty to reimburse Federal Signal all attorneys' fees, costs and/or expenses it has incurred in connection with its defense of the Underlying Lawsuit;

3.      Enter judgment declaring that Defendants have a duty to indemnify Federal Signal for any and all damages, liabilities, settlements costs, or expenses Federal Signal incurs in the Underlying Lawsuit;

4.      Enter a judgment declaring that Defendants have a duty to defend and indemnify Federal Signal for any claims brought by its co-defendants in the Underlying Suit.


Dated: October 1, 2014                    Respectfully submitted,

                                          FEDERAL SIGNAL CORPORATION,

                                          By:     /s/ Darrell J. Graham
                                                  One of Their Attorneys

                                          Darrell J. Graham
                                          John E. Bucheit
                                          ROESER BUCHEIT & GRAHAM LLC
                                          2 North Riverside Plaza, Ste. 1420
                                          Chicago, IL  60606
                                          (312) 621-0302