TpM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FEDERAL SIGNAL CORPORATION,**<br><br>                Plaintiff,<br><br>    v.<br><br>**TAMMCOR INDUSTRIES, INC. and PEERLESS INDEMNITY INSURANCE COMPANY,**<br><br>                Defendants. | Case No. 14 C 7683<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Plaintiff Federal Signal Corporation ("Federal Signal") sued Defendants Tammcor Industries ("Tammcor") and Peerless Indemnity Insurance ("Peerless"), seeking indemnification for certain costs it incurred defending against, and later settling, a separate lawsuit. After limited discovery, Peerless filed a Motion for Summary Judgment [ECF No. 38], claiming that under the relevant contracts, it has no duty to indemnify Federal Signal. For the reasons stated herein, the Court grants the Motion.

### I. BACKGROUND

Federal Signal designs and manufactures security and communication systems, among other products, for a variety of customers. Among their products was a speaker system installed on the Navy supply ship, USNS Matthew Perry. Tammcor Industries

manufactures various machine components and supplied Federal Signal with the metal housing for the speaker system on the ship. The origins of the present lawsuit trace back to an accident involving that speaker system. A speaker allegedly malfunctioned sometime in April 2011 and sent debris into the eyes of a nearby person. The injured party filed a lawsuit in California state court against Federal Signal, and the parties settled for an undisclosed sum.

Federal Signal now seeks indemnification for the losses it sustained in defending and eventually settling the California suit. It brings claims against Tammcor, whom it alleges manufactured the component responsible for the injury. But it also names Tammcor's insurer, Peerless, as a defendant. The Complaint maintains that Federal Signal enjoys "additional insured" status under Peerless' insurance policy with Tammcor, making Peerless directly responsible for Federal Signal's legal liabilities in the California case.

The dispute implicates two contracts. The first is the general liability insurance policy between Peerless and Tammcor. An amendment to the policy – termed an "endorsement" in insurance lingo – contains the following provision:

> ADDITIONAL INSURED – VENDORS . . . A. SECTION II – WHO IS AN INSURED is amended to include as an additional insured any person or organization (referred to below as vendor) when [Tammcor] and such person or

> organization have agreed in writing in a contract or
> agreement that such person or organization be added as
> an additional insured on [Tammcor's] policy. Such
> person or organization is an additional insured only
> with respect to "bodily injury" or "property damage"
> arising out of "your products" which are distributed
> or sold in the regular course of the vendor's
> business. . . .

(Compl. Ex. 2.)

The policy period for the coverage was from February 2, 2011 to February 2, 2012.

The second relevant contract is one between Tammcor and Federal Signal (Tammcor questions whether it is a valid contract, but the Court assumes for the purposes of this opinion that it is). The contract was a purchase order for the parts used in the speaker system on the USNS Matthew Perry. The purchase order contained certain terms and conditions, including the following provision:

> INDEMNIFICATION: [Tammcor] shall defend, indemnify, and hold harmless [Federal Signal] against all damages, claims or liabilities and expenses (including attorney's fees) arising out of or resulting in any way from any defect in the goods or services purchases hereunder, or from any act or omissions of [Tammcor], its agents, employees or subcontractors. This indemnification shall be in addition to the warranty obligations of [Tammcor] and [Tammcor] agrees to provide Certificates of Insurance for such Indemnity upon request.

(Compl. Ex. 1.)

The date of the last relevant purchase order is uncertain, but according to the Complaint, Tammcor supplied all components for

the speaker system to Federal Signal between 2003 and 2008. (Compl. ¶ 10.) Whether Peerless agreed to indemnify Federal Signal as an "additional insured" is the only issue raised in the present Motion for Summary Judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The parties do not disagree on any facts that are relevant to resolution of this Motion.

But the parties do disagree about the controlling law. Federal courts sitting in diversity apply state substantive law and federal procedural law. *See, Erie Railroad v. Tompkins,* 304 U.S. 64, 78-80 (1938). The question is, which state's substantive law applies to interpreting the contracts in this case? The Court begins by examining the choice-of-law rules used by the state in which the federal action was filed. *See, Midwest Grain Products v. Productization, Inc.,* 228 F.3d 784, 787 (7th Cir. 2000) (citing *Klaxon Co. v. Stentor Electric Mfg.,* 313 U.S. 487, 496 (1941)). Illinois adheres to the Restatement (Second) of Conflict of Laws, which in turn dictates that courts should follow either the choice of law provision in the governing contract, or to the law of the state with the most

significant relationship to the contract. *See, Restatement (Second) of Conflict of Laws*, §§ 187, 188; *see also, Midwest Grain,* 228 F.3d at 788 (collecting relevant cases under Illinois law).

Here, there is a divergence: the purchase order between Tammcor and Federal Signal contains a choice-of-law clause stating that Illinois law will govern the agreement. The insurance policy between Peerless and Tammcor, however, contains no choice-of-law clause, and both parties seem to agree that Kentucky has the most significant relationship to it. This presents a practical difficulty because the Court must consider both contracts in tandem.

Kentucky law undoubtedly applies to the insurance policy. Because the right to be named an "additional insured" stems primarily from that contract, and because Peerless was not a party to the purchase order, the Court agrees with Federal Signal's position that Kentucky law applies. Significantly though, the outcome of the discrete issue presented by this Motion would not change under Illinois law.

In Kentucky, contract interpretation, including questions about ambiguity, are questions of law. *See, Hazard Coal Corp. v. Knight,* 325 S.W.3d 290, 298 (Ky. 2010) (internal quotation and citation omitted). Moreover, the Court construes an

insurance policy liberally in favor of the insured. *St. Paul Fire & Marine Ins. v. Powell-Walton-Milward,* 870 S.W.2d 223, 227 (Ky. 1994). "As long as coverage is available under a reasonable interpretation of an ambiguous clause, the insurer should not escape liability. . . ." *Id.* (citations omitted).

### III. ANALYSIS

Federal Signal believes that the amendment to the Peerless insurance policy regarding additional insureds "automatically provides Federal Signal coverage pursuant to [the purchase orders] with Tammcor." (Pl. Mem. in Opp'n to Summ. J., 1.) By operation of those agreements, Federal Signal argues that Peerless insured it directly, as if Federal Signal were a named beneficiary on Peerless' insurance policy. The upshot is that, if Federal Signal is an additional insured, Peerless had a duty to defend it against the legal action in California and to cover the costs incurred as a result of the settlement.

This issue is more straightforward than Federal Signal suggests — the relevant contractual provisions are unambiguous. First, the insurance policy: Peerless agreed to adopt a party as an additional insured only when Tammcor and that party "agreed in writing in a contract or agreement that such [party] be added as an additional insured." (Compl. Ex. 2.) The required agreement in writing, according to Federal Signal, is

satisfied by the purchase orders signed between 2003 and 2008 for the speaker components. But the purchase orders' terms state that *Tammcor,* not Peerless, will indemnify Federal Signal for all relevant damages. To Federal Signal, that provision implies that Peerless will indemnify the company by default, but it offers no logical explanation as to why. The provision is unambiguous: Tammcor alone is on the hook for Federal Signal's legal liability. An insurer (for example, Peerless) may be eventually responsible for Tammcor's losses, but that insurer would only be considered liable to Federal Signal in a derivative fashion.

In another relevant term of the purchase orders, Tammcor agrees "to provide Certificates of Insurance for such Indemnity upon request." Recall that "such Indemnity" refers to *Tammcor's* indemnification of Federal Signal, and nothing more. Certificates of Insurance, as Federal Signal points out, are not insurance; they are proof of existing insurance. So at most, this clause implies that Tammcor has existing insurance and will furnish proof of it to Federal Signal upon request. The clause makes sense – a party to the purchase order might worry otherwise that the counterparty indemnifying it wouldn't be able to cover the liability costs if something went wrong with the product. In this way, the offer to provide the certificates of

insurance implies that Tammcor's indemnification is genuine and meaningful, but it does not mean that Tammcor's insurance becomes Federal Signal's insurance. The Peerless insurance policy required Tammcor to contract explicitly in order to add an additional insured. The terms of the purchase order do not state that "Tammcor and its insurer(s) indemnify you for all liabilities," nor do they state that the certificates of insurance will show that Federal Signal was added to its policy.

The Court is unable to locate a case from Kentucky that considers a closely analogous situation. Federal Signal believes it has found two such cases, both decisions from federal district courts sitting in Kentucky. According to Federal Signal, the cases show that Kentucky law does not require an insurance policy to identify an additional insured specifically in order to indemnify them. First up is an unpublished case, *Asher v. Unarco Material Handling,* 2011 WL 9158815 (E.D. Ky. June 29, 2011). Without citation to Kentucky law, the court in *Asher* concluded that "when a contract requires a party to obtain insurance covering another party, a blanket additional insured endorsement automatically provides liability coverage – even if the insured is not named." *Asher,* 2011 WL 9158815 at *2. But even a shallow dive into the underlying facts of the *Asher* dispute reveal that it involved the

*unequivocal identification of an additional insured* (Wal-Mart), an obligation that subsequently was assigned from one subcontractor to another. *See, Asher v. Unarco Material Handling,* 2011 WL 42999 at *3 (E.D. Ky. Jan. 6, 2011). The express identification of an additional insured is precisely what is lacking here.

Federal Signal's reliance on the second case, *Johnson v. Service Merchandise,* 327 F.Supp.2d 735 (E.D. Ky. 2004), is similarly misplaced. There, the court applied Kentucky state law to find that an additional insured clause swept in a third-party because of Kentucky's "reasonable expectations doctrine." *Id.* at 737. The reasonable expectations doctrine simply dictates that, where there is ambiguity in an insurance policy, it should be interpreted in favor of the insured's reasonable expectations. *Id.* (citing *True v. Raines,* 99 S.W.3d 439, 443 (Ky. 2003)). As the Court has already noted, the contractual provisions in the present case are unambiguous, so the doctrine is inapplicable.

But even if there were ambiguity, Federal Signal had no reasonable expectation that it would be covered by Peerless. It signed the last purchase order in 2008. At that time, it was reasonable to expect that Tammcor would indemnify it for certain of the components – the terms of the purchase order said as

much. There is no evidence, however, that Federal Signal believed at that time, or in 2011 when the accident occurred, that it was covered *directly* under an insurance policy held by Tammcor. There is similarly no evidence that Federal Signal ever inquired about its status as an additional insured prior to the accident; that it ever questioned Tammcor's ability to pay for potential liabilities; or even that it requested Tammcor's proof of insurance. Even if Federal Signal did entertain an expectation of insurance, it would be unreasonable, because a third-party insurer is nowhere mentioned in the purchase orders. Federal Signal is a large, established public company, not an unsophisticated individual. If it wanted additional insured status, it should have contracted for it.

In sum, there is no support for Federal Signal's position that the insurance policy combined with the purchase order "automatically" provided it with insurance coverage from Peerless. The insurance policy required an explicit contract to add an additional insured, and the purchase orders do not suffice. *Cf. Westchester Surplus Lines Ins. v. Stonitsch Const.*, 572 F.Supp.2d 946, 953-54 (N.D. Ill. 2008) (holding that "Illinois law does not support [the] argument that an additional insured may be added under a policy provision requiring a contract, when no such contract exists"). Separate questions

are whether Tammcor is liable to Federal Signal for the costs of the California case, and whether Tammcor may in turn collect from Peerless for any such liability. But Peerless is not directly liable to Federal Signal, and that is the only question before the Court.

### IV. CONCLUSION

For the reasons stated herein, Defendant Peerless' Motion for Summary Judgment [ECF No. 38] is granted. The case is dismissed with prejudice as to Defendant Peerless only.

**IT IS SO ORDERED.**

*[signature]*

Harry D. Leinenweber, Judge
United States District Court

Dated: April 7, 2016